## OLIVER S. WILBUR *vs.* SAMUEL TABER.

Under Rev. Sts. c. 85, §§ 11, 12, an entry in a record of a justice of the peace that the "defendant appears and pleads orally and says he is not guilty" is a joinder of issue; and the defendant can give in evidence any matter admissible under any general or special plea in bar; and if the case is carried by appeal to the court of common pleas, and no further pleading is ordered, the same evidence is admissible there, as would have been in the court below.

ACTION OF TORT, commenced before a justice of the peace. The declaration alleged that " the defendant by his cattle forcibly entered the plaintiff's close in Raynham," (described,) and " by said cattle trod down and depastured the grass there standing and growing." The record of the justice, after stating the cause of action and the defendant's appearance, proceeded as follows : " And now the defendant comes and defends and pleads (orally) and says that he is not guilty. Issue being joined, after a full hearing, it appears to the said justice that the said defendant is guilty." The record then stated a judgment for the. plaintiff, and an appeal to the court of common pleas, where the case was tried before *Mellen*, C. J., who allowed this bill of exceptions :

" No answer was filed in the court of common pleas. The plaintiff did not request the court to order the defendant to file an answer, nor did the defendant ask leave to file one, but elected to go to trial upon the pleadings which appeared by the justice's record.

" On the reading of the writ, the plaintiff asked the court that the defendant might be called, because no answer had been filed. But the court overruled the motion, on the ground that it appeared that an issue had been joined before the justice of the peace.

" During the trial, the defendant offered evidence tending to show that when the defendant's cattle went upon the plaintiff's land they did so on account of the plaintiff's negligence in maintaining his part of the division fence between the plaintiff and defendant, which the plaintiff was bound by prescription to

maintain. To this evidence the plaintiff objected, on the ground that it was inadmissible under the pleadings in the case. The objection was overruled, and the evidence admitted. The verdict was for the defendant. To which rulings the plaintiff excepts."

*C. I. Reed,* for the plaintiff. 1. A joinder of issue by an oral plea before a justice of the peace can only be shown by his record " that the defendant appears, and orally denies the plaintiff's right to maintain his action, and puts himself on trial ; or words to that effect." Rev. Sts. *c.* 85, §§ 11, 12. The record does not show " words to that effect," but the technical general issue in trespass, " not guilty." It was not the plea permitted by the statute, and should not have been allowed by the justice, or treated as affording any obstacle to a default in the court of common pleas. Rule 19 of C. C. P. in 1855.

2. If this was a sufficient joinder of issue, the case should have been tried in that court according to its own rules, and nothing should have been admitted in evidence which would not be admissible under the general issue. *Hunt* v. *Wilson,* 1 Met. 309. The evidence offered was not admissible under the general issue. 2 Greenl. Ev. § 625. 1 Chit. Pl. (6th Amer. ed.) 492, 493. *Knapp* v. *Salsbury,* 2 Campb. 500. *Milman* v. *Dolwell,* 2 Campb. 378.

*J. Brown,* for the defendant.

MERRICK, J. The exceptions of the plaintiff must be overruled. The entry upon the record of the magistrate that the " defendant appears and pleads orally and says he is not guilty," is equivalent to a denial of the plaintiff's right to maintain his action, and is exactly to the same effect as if those words had been used. This, by express permission of the statute, is a joinder of the issue, upon which a trial may be had. The defendant was therefore entitled to proceed to trial ; and, by a further provision of the statute, to give in evidence any matter which would have been admissible if the defence had been made under any general or special plea in bar. Rev. Sts. *c.* 85, §§ 11, 12. No new pleading was ordered, and therefore none was required in the common pleas, when this case was carried

there by appeal. And the rights of the parties, in relation to the production of evidence upon the trial in that court, were the same as those to which they were entitled when they were before the magistrate to whom the writ was made returnable. Rule 19 of C. C. P. See also *St.* 1836, *c.* 273.

*Exceptions overruled.*